NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250145-U

NO. 4-25-0145

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 20, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| VENTELLIS B. COOPER, | ) | No. 24CF1382 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam Giganti, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in denying defendant pretrial release.

¶ 2    Defendant, Ventellis B. Cooper, appeals the circuit court's order denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. Defendant argues this court should overturn the circuit court's decision because the State failed to meet its burden of proving, by clear and convincing evidence, he poses a real and present threat to the safety of any person or the community and no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On October 16, 2024, the State charged defendant with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2022)), one count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (3)(A-5), (C) (West 2022)), and one count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)). That same day, the State filed a verified petition to deny defendant pretrial release, alleging defendant was charged with qualifying offenses and defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1), (1.5), (6)(O) (West 2022)).

¶ 5        At the detention hearing, the State proffered the following in support of its petition. On October 13, 2024, police responded to the Street Soldiers Motorcycle Club in Springfield, Illinois, after a ShotSpotter alert "indicated there were potentially two rounds fired by a firearm in that area." When police arrived, they located Antoine Williams in the driver's seat of his Chevy Equinox with gunshot wounds to his face and the right side of his chest. Police performed lifesaving measures on Williams until he was taken to a hospital, where he later died of his injuries.

¶ 6        While still on scene, officers spoke to "[a]t least two witnesses" who saw "a male running away from the victim's vehicle through an alley way" before "a car drove past, fleeing the area." Surveillance video showed defendant retrieving "what [was] believed to be a firearm from within his vehicle" as Williams's vehicle drove by the motorcycle club. Defendant "then kind of ducks or crouches as he moves around his vehicle, and approaches the victim's vehicle, which is parked maybe five feet off camera." Defendant moved out of the camera's range for "approximately 10 to 12 seconds" and is then "seen running back to his vehicle. He gets into his

- 2 -

vehicle and then flees at a high rate of speed." According to the State, "Witnesses did not identify any other person that was near the victim's vehicle when they heard the gunshots."

¶ 7        Police located a cartridge case in the victim's vehicle. They also obtained a search warrant for defendant's residence and recovered a ".38 Special Revolver." But "shell casings would not be ejected" from a revolver, so the State believed defendant used a different firearm to shoot Williams. The State further emphasized defendant had been ineligible to possess a firearm since 1994. A pretrial services report showed defendant was previously imprisoned in the Alabama Department of Corrections for burglary. He also served concurrent one-year sentences in the Illinois Department of Corrections for possession of a controlled substance in Sangamon County case Nos. 94-CF-267 and 94-CF-316. Given the circumstances surrounding the present offenses, the State maintained defendant was dangerous and no condition or combination of conditions would mitigate the threat he posed.

¶ 8        Defense counsel pointed out the revolver was found in the attic of defendant's home and defendant denied it was his . Counsel also stressed the age of defendant's criminal history and that he had lived "as a law abiding citizen" for approximately 30 years. Further, defense counsel highlighted defendant's situation at home. Defendant shared custody of his eight-year-old daughter and took her to school "every single day." Defendant had a long history of gainful employment and currently worked at AutoZone. Defense counsel urged the circuit court to find that conditions of pretrial release, such as home confinement with authorization to attend work and electronic monitoring, would mitigate any risk defendant posed.

¶ 9        After hearing arguments, the circuit court found the State had proven by clear and convincing evidence defendant committed a detainable offense, he posed a real and present threat to the safety of the community generally, and there were no conditions or combination of

conditions of pretrial release that could mitigate this threat. See 725 ILCS 5/110-6.1(e)(1)-(3) (West 2022).

¶ 10        Defendant thereafter filed a motion for pretrial relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), requesting the circuit court reconsider the conditions of pretrial release. In relevant part, defendant argued the State failed to present clear and convincing evidence he posed a real and present threat. He also argued the State failed to show, by clear and convincing evidence, that no condition or combination of conditions could avoid the threat he posed to the safety of others. The court then held a hearing on defendant's motion and ultimately denied it. In doing so, the court stated it agreed with the decision of the judge who presided over the initial detention hearing, remarking on the nature and circumstances of the offenses, as well as defendant's procurement of firearms despite his criminal background. The court also found the State's evidence to be "very strong," noting the video showed defendant "getting out of his car, going to where this individual was found dead," and then "running to the car and speeding off at a high rate of speed from the crime scene."

¶ 11        This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, defendant argues the circuit court erred in denying him pretrial release because the State did not clearly and convincingly show (1) he was dangerous and (2) no combination of conditions, like home confinement and electronic monitoring, could mitigate the threat he posed.

¶ 14        Under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2022)), all criminal defendants are presumed eligible for pretrial release. Before the State may overcome that presumption and secure the pretrial detention of a criminal defendant under section 110-

6.1(a) (725 ILCS 5/110-6.1(a) (West 2022)), the State must show several things by clear and convincing evidence. One is to show "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(e)(2) (West 2022). The State must also show no condition or combination of conditions can mitigate the real and present threat defendant's release poses to the safety of any person or the community. 725 ILCS 5/110-6.1(e)(3)(i) (West 2022). When, as in this case, the parties proceed solely by proffer at the detention hearing, we review the court's decision *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 15    When assessing a defendant's dangerousness, the circuit court may consider, *inter alia*, (1) the nature and circumstances of the charged offense, (2) the history and characteristics of the defendant, (3) the identity of the person whose safety the defendant threatens, (4) any statements made by the defendant, (5) the defendant's age and physical condition, (6) the age and physical condition of any victim, (7) the defendant's possession of or access to weapons, (8) whether the defendant was on probation or other similar condition at the time of the current offense, and (9) any additional factors bearing on the defendant's "propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West 2022). "[N]o single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2022). The court must weigh these considerations in light of—and ultimately base its finding on—"the specific articulable facts of the case." 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 16    Here, we find the circuit court did not err by determining defendant posed a real and present safety threat to the community generally. The nature and circumstances of the offenses, the evidence defendant possessed and had access to firearms, and the nature of the

threat, as well the identity of those whose safety defendant threatened, supported the court's finding. See 725 ILCS 5/110-6.1(g)(1), (3), (7) (West 2022). Specifically, the State's proffer revealed defendant opened fire in a public area, striking Williams multiple times and threatening the safety of innocent bystanders in the vicinity, such as the witnesses who heard the gunshots and allegedly saw defendant fleeing from Williams's vehicle and driving past them at a high rate of speed. The surveillance video showed defendant retrieving "what [was] believed to be a firearm from within his vehicle" as Williams's vehicle drove by. Defendant ducked down and crept around his vehicle as he approached Williams's vehicle, which was parked "maybe five feet off camera." Defendant moved out of the camera's range for "approximately 10 to 12 seconds" and was then "seen running back to his vehicle" and "flee[ing] at a high rate of speed." Neither the video nor witnesses identified any immediate altercation or confrontation between defendant and the victim before defendant retrieved a firearm from his vehicle, appeared to creep up on the victim, and shot him in the face before fleeing. Moreover, defendant clearly had access to weapons, as police located a firearm hidden away in defendant's attic.

¶ 17 We next consider whether the circuit court erred by determining the State showed by clear and convincing evidence no condition or combination of conditions of pretrial release could mitigate the real and present threat posed by defendant based on the specific articulable facts of the case. Section 110-5(a) of the Code (725 ILCS 5/110-5(a) (West 2022)) sets forth a nonexhaustive list of factors the court is to consider in determining which conditions of pretrial release, if any, will ensure the safety of any other person or the community. Relevant here, the court is to consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the real and present threat to the safety of the community, based on the

- 6 -

specific articulable facts of the case, which would be posed by the defendant's release. 725 ILCS 5/110-5(a)(1)-(4) (West 2022).

¶ 18      We find the circuit court did not err in determining no condition or combination of conditions of pretrial release could mitigate the threat posed by defendant based on the specific, articulable facts of this case. The evidence presented by the State showed defendant had a history of felony convictions, including two convictions for possession of a controlled substance. He also served a term of imprisonment in the Alabama Department of Corrections for burglary. And, despite the fact defendant's status as a felon barred him from legally possessing a weapon, police recovered a .38-caliber revolver from his home. As stated, the offense occurred in a public place, and defendant's actions threatened not just the safety of Williams, but of anyone in the area. Moreover, the weight of this evidence was strong, as it included a video recording of defendant retrieving what was "believed to be a firearm" from his vehicle as Williams drove by the motorcycle club. The video also showed defendant ducking down and creeping around his vehicle while approaching Williams's vehicle before allegedly shooting him multiple times. Defendant is then seen running back to his vehicle and fleeing the scene at a high rate of speed. The violent nature of the offense supported the court's determination defendant posed a serious threat to the safety of the community. Thus, we find that the nature and circumstances of the charged offense, the seriousness of the threat defendant poses to the safety of the community, the history and characteristics of the defendant, and the weight of the evidence against defendant (see 725 ILCS 5/110-5(a)(1)-(4) (West 2022)), supported a finding that no conditions of pretrial release, including electronic monitoring and home confinement, could adequately mitigate the threat defendant posed to others.

¶ 19                               III. CONCLUSION

¶ 20          For all these reasons, we affirm the circuit court's judgment.

¶ 21          Affirmed.